Entered on Docket Oct. 27, 2009

The Honorable Karen A Overstreet
Chapter 13
Hearing Date: October 7, 2009
Hearing Time: 9:30 AM
Hearing Location: Seattle, WA
Response Due: Due day of Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

RODOLFO M. MASANGKAY & ASIATICA E. MASANGKAY,

Debtor(s).

Case No. 09-13671 KAO

Chapter: 13

ORDER GRANTING DEBTORS' MOTION FOR MODIFICATION OF CONFIRMED CHAPTER 13 PLAN

THIS MATTER came before this Court upon Rodolfo and Asiatica Masangkay's ("Debtors") motion for an order Modifying their Confirmed Chapter 13 Plan pursuant to 11 USC §1329(a), it appearing that all interested parties have received notice and that no objections to the motion were filed now therefore, and it is hereby

ORDERED, ADJUDGED and DECREED that the Debtors' Modified Chapter 13 Plan dated and filed October 6th, 2009 is hereby confirmed. A copy of the Modified Plan is attached hereto as Exhibit A.

IT IS FURTHER ORDERED that the Modification of the First Deed of Trust on the Debtors' Residence, proposed by Bank of America, is approved. A copy of the Bank of American Mortgage Modification is attached hereto as Exhibit B.

DEBTORS' MOTION FOR
CONFIRMATION OF AMENDED
CHAPTER 13 PLAN DATED
SEPTEMBER 3, Page - 1

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

Case 09-13671-KAO    Doc 85    Filed 10/23/09    Entered 10/23/09 11:36:27    Page 1 of 9

DATED this ___ day of October, 2009.

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

Presented by:

SEATTLE DEBT LAW, LLC

___/s/ Christina Latta Henry___
Christina Latta Henry, WSBA 31273
Attorney for Debtor

DEBTORS' MOTION FOR
CONFIRMATION OF AMENDED
CHAPTER 13 PLAN DATED
SEPTEMBER 3, Page - 2

SEATTLE DEBT LAW, LLC
705 SECOND AVE, SUITE 501
SEATTLE, WASHINGTON 98104
telephone (206) 324-6677
fax (877) 562-5148

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 09-13671 |
|---|---|
| Rodolfo M Masangkay and Asiatica E Masangkay, | CHAPTER 13 PLAN |
| | __Original  X Amended |
| Debtor(s). | Date: 10/6/2009 |

1. **Plan Payments:**
No later than 30 days after the filing of the Plan or the order for relief, whichever date is earlier, the Debtor(s) will commence making payments to the Trustee as follows:
A. AMOUNT: $ **3821.26** ; FREQUENCY: _X_ Monthly; ___Semi-Monthly; ___Bi-Weekly; ___Weekly
B. TAX REFUNDS: Debtor(s) ___COMMITS; _X_ DOES NOT COMMIT; all tax refunds to funding the Plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
C. PAYMENTS: Plan payments shall be deducted from the Debtor(s) wages unless otherwise agreed to by the Trustee or ordered by the Court.
OTHER:

2. **Plan Duration:**
Debtor(s) estimate the Plan will run approximately **60 months**. Plan may be extended up to 60 months after the first payment is due if necessary to complete the Plan.

3. **Distribution of Plan Payments:**
The Trustee shall disburse funds received in the following order:
A. ADMINISTRATIVE EXPENSES:
  1. Trustee. The percentage set pursuant to 28 USC §586(e).
  2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
  3. Attorney's Fees: Original attorney's fees of **$2500.00**, of which $_____ remains unpaid.
     Select applicable option: a. _X_ Prior to all creditors; b. _____ Monthly payments of $_____;
     c. ____ All remaining funds available after designated monthly payments to the following creditors:_____.
     If no selection is made, fees will be paid after monthly payments specified in Paragraphs 3B and 3C.
     d. _____ Other: **Additional Atty Fees will be via Fee Application**.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| **Creditor** | **Monthly amount** |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than current mortgage payments and continuing payments and except as provided in 26 USC § 6621(a)(2) and 11 USC § 1322(b)(2) as limited by 11 USC § 1325(a), will be paid the amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest from the Petition filing date. Interest rate and monthly payment in the Plan control unless a creditor timely files an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law. **Any creditors holding allowed secured claims not specified below shall not receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%.

[Local Bankruptcy Form 13-3]

1. Payments That Will Continue Beyond The Term Of The Plan (Interest included in payments at contract rate, if applicable):

| Rank | Creditor | Nature of Debt | Property | Monthly Payment |
|---|---|---|---|---|
| *1 | Bank of America | 1st Deed of Trust | Residence | $1714.91 |
| 1 | Key Bank | Home Equity Line | Residence | $450.00 |
| 1 | Key Bank | Home Equity Line | Residence | $337.39 |
| **1 | Albert & Ingeborg Bundt | 1st Deed of Trust | Bare Lots in Bremerton | $0.00 |

**\* The Debtors have been approved for a Loan Modification with Bank of America. The arrearages have been cured and the payments lowered to $1714.91 per month.**

**\*\* Paid in Full Through Sale of Bremerton Property.**

2. Mortgage Arrearage /Property Tax Arrearage Payments:

| Rank | Periodic Payment | Creditor | Property | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 1 | pro rata | Key Bank | Residence | $28,359.96** | 0% |
| 1 | pro rata | Key Bank | Residence | $11,973.88** | 0% |

**After the unsecured creditors are paid in full through the proceeds of the sale of the Bremerton property, the remainder of the proceeds—approximately $30,000—will go towards the arrears on the Key Bank mortgages. This should bring the arrears to be cured down to approximately $10,333.**

3. Other Claims Secured by Personal Property:

(a). Unless written consent to the alternative treatment as set forth below is filed with the court, the trustee shall pay the contract balance as stated in the Proof of Claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the Petition or in other personal property acquired within **one year** preceding the filing date of the Petition as follows. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

(i). Payment of contractual balance

| Rank | Equal Periodic Payment | Creditor | Description of Collateral | Pre-Confirmation Adequate Protection Payment | Interest Rate |
|---|---|---|---|---|---|
| 1 | $269.00 | Drive Financial | 2001 Nissan Altima | $269.20 | contract% |

(ii). Proposed Alternative Treatment, which shall not be binding upon the creditor without written consent filed with the court.

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adeq. Protection Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

(b). The following secured claims are **not** for a motor vehicle acquired for the personal use of the Debtor(s) within 910 days preceding the filing date of the Petition and are **not** for other personal property acquired within one year preceding the filing date of the Petition. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

[Local Bankruptcy Form 13-3]

| Rank | Equal Periodic Payment | Creditor | Debtor(s) Value of Collateral | Description of Collateral | Pre-Confirmation Adeq. Protection Payment | Interest Rate |
|---|---|---|---|---|---|---|
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Unsecured Claims. The Trustee shall pay prior to other nonpriority unsecured claims as follows:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ___ | _____ | $_____ | ___% | _____ |
| ___ | _____ | $_____ | ___% | _____ |

2. Other Unsecured Claims. The Debtor(s) will pay 100% to claimants in this class, or pay projected disposable income for no less than the Applicable Commitment Period of either 36 or 60 months as stated below (**choose a. or b., but not both**):
   (a). % paid to unsecureds: 100% __X**__ OR
   (b). Pursuant to 11 USC § 1325(b), debtor(s) projected disposable income during the applicable commitment period of no fewer than 60 months totals $_____, and not less than that total amount shall be distributed to allowed nonpriority unsecured claims. Plan would thus yield approximately __% to nonpriority unsecureds. Percentage may vary depending upon funds available after payments required under Paragraphs 3A-3E1 and upon total of claims filed.

**All allowed filed unsecured claims will be paid through the proceeds of the sale of the Bremerton property. The remainder of the proceeds will go towards the arrears on the 2nd and 3rd mortgages on the Debtors' residence.**

4. **Secured Property Surrendered**:
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this paragraph are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

**Creditor**                                            **Property to be Surrendered**


5. **Executory Contracts and Leases**:
The Debtor(s) will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor(s) under Paragraph 6, unless otherwise specified in Paragraph 10 with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the Debtor(s) shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Paragraph 3E2.

**Contract/Lease**                                      **Assumed or Rejected**


6. **Payments Made by Debtor(s) and not by the Trustee:**


[Local Bankruptcy Form 13-3]

The following creditors shall be paid directly by the Debtor(s) according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the Debtor(s) as follows:

| Creditor | Current Monthly Support Obligation | Monthly Arrearage Payment |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

7. **Revestment of Property**
Unless otherwise provided in Paragraph 10, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the Debtors, except that earnings and income necessary to complete the terms of the Plan shall remain vested in the Trustee until discharge. The Debtor(s) shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

8. **Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
No less than $**69,000** shall be distributed to priority and nonpriority unsecured claims. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Paragraphs 3D and 3E shall be paid at the rate of **0** % per annum from the Petition filing date (no interest shall be paid if left blank).

9. **Certification**:
A. The Debtor(s) certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this Plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of Plan confirmation pursuant to 11 USC § 1325(a)(8).
B. The Debtor(s) or their attorney certifies that this Plan does not alter the provisions of Local Bankruptcy Form 13-3 except as follows:

10. **Other Plan Provisions**: (must be separately numbered)
    (1) Any refund to debtor(s) upon dismissal or discharge shall be disbursed through counsel.
    (2) Secured creditors shall not assess on their books or otherwise against the debtor(s) herein any late charges provided payments from the plan to secured creditors are current.
    (3) Secured creditors are only permitted to charge against debtor(s) items permitted to be charged under the contract with debtor(s). If secured creditors elect to charge any fee, charge or cost against the debtor(s), the creditor shall give notice of the charge, fee or other cost promptly to debtor(s) and the undersigned counsel, in any case, within 30 days of the charge, fee or cost being assessed against debtor(s).
    (4) Mortgage creditor(s) shall promptly notify, and in any case within 60 days, debtor(s), the Chapter 13 Trustee and debtor(s)' counsel of any change in the regular monthly payment (including the escrow account component, if applicable).
    (5) Any notices, statements or other information to the parties set forth above by Mortgage creditors or their agents or attorneys shall not be a violation of the automatic stay or privacy laws; and the information is being provided at debtor(s)' request with the debtor(s)' permission.

| /s/ Christina Latta Henry | /s/ Rodolfo M. Masangkay xxx-xx-1379 | 10/6/09 |
|---|---|---|
| Attorney for Debtor(s) | DEBTOR    Last 4 digits SS# | Date |
| 10/6/09 | /s/ Asiatica E. Masangkay xxx-xx-3676 | 10/6/09 |
| Date | DEBTOR    Last 4 digits SS# | Date |

[Local Bankruptcy Form 13-3]

# EXHIBIT B



September 28, 2009

Christina Latta Henry
Seattle Debt Law LLC
705 2nd Ave. Ste 501
Seattle, WA 98104

Loan Number: ████8762
Case Number: 9-13671 (FC3)
Mortgagor Last Name: MASANGKAY
Property Address: 409 MAPLE AVENUE N W, RENTON, WA 98055

Dear Ms. Henry:

After reviewing your clients request for loan workout, we have determined that they would qualify for assistance.

Please review the terms below with your client and obtain court approval to proceed. The terms below are subject to change and are good for 30 days from the date of this letter. Please provide a response if you accept these terms within 10 business days from the date of this letter. Upon receipt of the documentation reflecting court approval, the document will be forwarded to your client for signature.

CUSTOMER IS PREQUALIFIED FOR A LOAN MODIFICATION WITH THE FOLLOWING TERMS:
FIRST PAYMENT DUE: December 1, 2009
TOTAL CONTRIBUTION REQUIRED IS: $1,500.00
NEW PB: $214,029.17
NEW INTEREST RATE: 5.2000%
NEW TERM: 180
NEW MATURITY DATE: Friday, November 01, 2024
NEW P and I: $1,714.91
NEW ESCROW: $0.00
NEW PITI: $1,714.91

Please be advised no adjustments or modifications will be completed without court approval.

If you have any further questions, please contact me directly at 716.635.2792.

Sincerely,
Brenda Washington
Brenda Washington
Bankruptcy Department