Honorable Judge Marc Barreca
Chapter 13
Hearing Date: April 21, 2011
Hearing Time: 9:30 AM
Hearing Site: Courtroom 7106
Response Date: April 14, 2011

### IN THE UNITED STATE BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON

| IN RE: | NO. 09-13671-MLB |
|---|---|
| Rodolfo M. Masangkay and<br>Asiatica E. Masangkay<br><br>Debtors. | RESPONSE FOR ATTORNEY FEES AND COST SUBJECT FOR EVALUATION BASED ON ACHEIVEMENT. |

Rodolfo and I are responding to the proposal of my attorney, Ms. O' Sullivan has submitted in the amount of $4,945.00.

This response, your honor is to tell the court of difficulties we have been having with regards to my case. I do not feel that Ms. O' Sullivan has represented me to my satisfaction. We have had many communication problems that have hindered both my ability to be involved in the case and Ms. O' Sullivan's ability to understand the entirety of my case.

Respectfully submitted on April 14, 2011

By: *Asiatica E. Masangkay*
    Asiatica E. Masangkay

Prose

Attorney's Fee
Page 1 of 3

First, the actual mode of communication has been difficult. I do not regularly use email and prefer to communicate in person or over the telephone; Ms. O'Sullivan prefers to communicate through email. When I call her office to speak with her, she is rarely available. Passing messages through her receptionist or secretary seems to lead to further confusion. Second, I feel that Ms. O'Sullivan has not done an adequate job keeping me up to date with information regarding the case. I have shown up for court dates that Ms. O'Sullivan has canceled at the last minute without telling me, received checks in the mail with no explanation as to the source of the money, and questions regarding my case often go unanswered. Additionally, Ms. O'Sullivan has barred me from talking to the Trustee or the Creditors so I can no longer get information regarding my case from them.

One example of the communication problems is the situation involving getting an emergency refund to pay for my husband's medication. On February 14, 2011, I went to Ms. O'Sullivan's office around noon. I gave a note to the receptionist to pass to Ms. O'Sullivan asking for an emergency refund in the amount of $170. After going back and forth regarding whether they would need my signature, I knew from previously getting an emergency refund that Ms. O'Sullivan would need my signature a woman at the office told me that they did not need my signature and I would be able to just come back the following day and pick up the check after I received a phone call from Ms. O'Sullivan.

The next day, at around 10:30 I had not heard from Ms. O'Sullivan, so I called her office. I was told that she would call me. Around 2 pm, I called again and was told that Ms. O'Sullivan had emailed me. Since she knows that I do not have access to email, she knew that I wouldn't be able to receive the email. When I finally received the email, it stated that the Trustee would not release the emergency refund without prior notice. Ms. O'Sullivan called and said that she could not get the money. Later that day, she called back to say that I needed to sign something, but since I was already late for work, I could not go into her office. I had not heard from Ms. O'Sullivan but, that Friday, I got a copy from the court saying that the emergency refund request was denied because of the missing signature. This whole situation was very difficult for me, especially because at the same time I was dealing with the stress of trying to pay for my

husband's medication. Ms. O' Sullivan requested $7000 from the court, when all I needed was $170 for medication.

Throughout my case, the Trustee has inappropriately disbursed large amounts of money to pay off fraudulent claims. My case is very complicated and after my first attorney included invalid debts in my bankruptcy petition, I have become very cautious and it is essential that I stay involved with the details of my case. I expect to be refunded money that should never have been disbursed by the Trustee. Ms. O'Sullivan and my previous attorney have both stated that they will get me various refunds, but have not followed through on this. I do not understand why this money has not been returned to me yet and Ms. O'Sullivan has not done an adequate job of explaining what is happening with this money.

When she does communicate with me, I feel that Ms. O'Sullivan has not taken the time to read or understand my case file as she is often mistaken about the facts. It seems like she is often making decisions at the last minute and forcing me to quickly choose a course of action. I had high hopes when Ms. O'Sullivan took my case since she told me not to worry so much, that she would figure these things out. I am saddened and angry that she is trying to withdraw without resolving my case but still would like to be paid so much money.

Your honor, please through your power, help me get Ms. O' Sullivan out from this case.

Attorney's Fee
Page 3 of 3

                                    Asiatica Masangkay <asiatica.masangkay@gmail.com>

## Copies for your records.
1 message

**Sheila O'Sullivan <sheila@leenandosullivan.com>**											Tue, Feb 15, 2011 at 3:20 PM
To: Asiatica Masangkay <asiatica.masangkay@gmail.com>
Cc: Nancy Huenefeld Gese <nancyhue10@hotmail.com>

Asiatica,

I filed the above on February 4th immediately after we met. I also spoke with the Trustee yesterday and asked him to immediately reduce the wage withholding to $100 per month. This is very out of the ordinary because the reduction never occurs until the modified plan is approved and the order is signed. He agreed to reduce it immediately. I did not make a motion to release the funds because instead I made a motion to reduce the wage withholding.

Typically, release of funds is not supposed to be done on an emergency basis. There have been several in this case so I was trying not to anger the judge or the trustee with the inconvenience. You did to convey to me any urgency. I understand you have bills to pay but being a little behind is not a crisis. You did not let me know until things were in crisis state. I have three motions to respond to by tomorrow and they are very important. I have an appointment tonight which prevents me from working late. Otherwise, I could finish with this client and work on your motion tonight. I guess I will cancel my appointment so that I can work on your case.

This is unfair to the person I am cancelling on and to me and to my other clients if I don t do a thorough job on their case. You told me you needed money but you did not tell me there was a timeline or an emergency until it was too late for me to react. That is extremely difficult for me to work into my schedule.

Under our Rules of Professional Conduct, the Trustee is not supposed to have direct contact with you because you are represented. Because I know how difficult it is for the Trustee s office to deal with individuals who do not understand procedural requirements. I will cancel my appointment tonight and file this motion. However, this really cannot be a habit. Thank you.

|  | Help me fight blood cancers. |
|---|---|
|  | Click here to visit my fundraising page. |
|  | http://pages.teamintraining.org/wa/ambbr11/osullivankelly |
|  | Thanks! |
|  | **Sheila M. O Sullivan** |
|  | **Attorney at Law** |
|  | **Leen & O Sullivan, PLLC** |
|  | 520 East Denny Way Seattle Washington 98122 |
|  | (206) 325-6022 |
|  | FAX (206) 325-1424 |
|  | Member: NACBA (National Association of Consumer Bankruptcy Attorneys) |

Judge: Karen A. Overstreet
Chapter: 13

United States Bankruptcy Court
Western District of Washington at Seattle

In RE:  Chapter 13 Case # 09-13671

Rodolfo M Masangkay
Asiatica E Masangkay
409 Maple Ave Nw
Renton, Wa 98057

To Debtor:

Shown above is a report of your creditors' names and addresses, and the amounts of their claims. The above figures do not reflect any payments and may not be the current balances. They are the ORIGINAL amounts shown on the proofs of claim filed by your creditors. This list is not an audit and does not include the Trustee's administrative charges, although it does include your attorney's fees, if any, paid through the plan.

Please check this report carefully. If you dispute any amounts claimed by your creditors you must contact your attorney. A copy of this report has been forwarded to your attorney.

Pursuant to rule 3007-1(b) of the local rules of bankruptcy procedure, objections to claims must be filed and served no later than ninety (90) days after October 30, 2009, the date the Chapter 13 Trustee's report of filed claims is filed. (See also rules 3007 and 9006(f) federal rules of bankruptcy procedure and rule 9013-1 local rules of bankruptcy procedures).

Within that ninety (90) day period and in the absence of written objections, the Trustee will distribute funds pursuant to the plan. Therefore disputed claims may receive disbursements until a written objection is filed

All original proofs of claim may be reviewed at the court clerk's office

You must contact your attorney immediately if you have questions or concerns

The claim numbers assigned by this office are not the official claim numbers. Please refer to the claim numbers displayed on CM/ECF when filing documents in this case and do not refer to the claim number displayed by this office.

October 30, 2009

CC: Christina Latta Henry
705 2Nd Ave #501
Seattle, WA 98104

K. Michael Fitzgerald, Trustee
Chapter 13 Bankruptcy Trustee
600 University St. #2200
Seattle, WA 98101
www.seattlech13.com
Phone: (206) 624-5124
Fax: (206) 624-5282



# (no subject)
2 messages

**Sheila O'Sullivan <sheila@leenandosullivan.com>**  Mon, Feb 14, 2011 at 4:47 PM
To: Asiatica Masangkay <asiatica.masangkay@gmail.com>

Hi Asiatica,

When is your next payday? I think I can get the wage garnishment stopped in the next day or so. You should then have funds available. Getting emergency money by motion may take a little longer. I'll let you know. Thanks.



# (no subject)
1 message

**Sheila O'Sullivan <sheila@leenandosullivan.com>**  Tue, Feb 15, 2011 at 5:02 PM
To: Asiatica Masangkay <asiatica.masangkay@gmail.com>
Cc: Nancy Huenefeld Gese <nancyhue10@hotmail.com>

I filed the emergency motion today even though I did not hear back from you regarding my phone messages about getting your signature on the declaration I needed. I will need to file that first thing tomorrow so if you could sign, that would be helpful. I received a call from Christina though. She will be filing an objection to the motion because she is filing a fee application for somewhere in the neighborhood of $3-4k. I can amend the request for funds to $2k instead of $7k and hope Christina's fees are not more than what she anticipates.

It will be very time consuming to object to her fee application if that is what you would like me to do. I know from looking at the docket that she filed an inordinate number of plans but I will have to read each one to determine why she had to keep amending. I will have to review everything in detail to determine what she didn't do that she should have and what she didn't do timely that will cost you more in fees. This is probably something you can help with but probably not all of it since a great deal of it will require legal analysis. I just wanted to let you know this was coming up very soon.



# insulin
1 message

**Sheila O'Sullivan <sheila@leenandosullivan.com>**  Tue, Feb 15, 2011 at 5:05 PM
To: Asiatica Masangkay <asiatica.masangkay@gmail.com>

Asiatica,

Given my prior email and the fact that there may not be funds available or, if they are available, it may take more time than anticipated, you really should take your husband to emergency.

Summary

1. First filing
   a. False claim that made it appear that I have too much unsecured loans:
      i. Dental arts – $25,000.00
      ii. Education Credit – $18,876.67
      iii. Prime acceptance – $700.00
      iv. Macy's – $221.98x2
      v. JCPenny – $659.08
      vi. Virginia Mason – $250.00
      vii. Progressive Insurance – $721.00
      viii. Sallie Mae – $10,583.00
         Creditor #: 46206
      ix. Sallie Mae – $11,075.00
         Creditor #: 28256
      x. Sallie Mae – $9,066.00
         Creditor #: 18561

   Approximate sum total of $77374.71 that are false claims.

2. Trustee disbursement from the fund (inappropriately)
   a. Bank of America - $13,290.41
      Money was put to misc. by Bank of America because of unidentified payment.
   b. Key Bank – Approx. $51,000
      Disbursed 4 claims disputing two loans, the Trustee claimed every loan has two claims, conversation on 10/25/10.
   c. Mr. Bundt – Lot from Bremerton, Approx. $156,000 in less than two years loan of $95,000 year 2006
      i. $134,000 from proceeds of lot sales
      ii. $4,500 by Mr. Carlson, Mr. Bundt's lawyer from the proceeds of lot sales
      iii. $10,000 paid by the Trustee to Mr. Carlson
      iv. $7,500 paid by Masangkay, to Mr. Carlson
   d. BECU - $7681.45
      i. Car loan approx. $6000+/ Car was repossessed

e. HSBC - $4.038.05
        i. Loan of $5000
       ii. Masangkay paid $4800 approx.
      iii. Trustee paid again another $4800
   f. Santander – $4,459.23
        i. Loan amount of $9000
       ii. Insurance paid another $8270
      iii. Car was total loss 7/8/10

3. Claims payment in full by Trustee
   a. Small claims
        i. Prime Acceptance - $624.28
       ii. JCPenny - $659.08
      iii. Discover - $1,557.20
       iv. WSECU - $1634.02
        v. Capital One - $609.15
       vi. Capital One - $1675.36
      vii. HSBC - $4,038.05
     viii. Sallie Mae - $23,945.03
       ix. Municipal Court - $124.00